■ GRISELDA LARA, Appellant, v HUNTS POINT HOUSING DEVELOPMENT FUND CORPORATION et al., Respondents. [746 NYS2d 724]

Plaintiff brought two actions alleging that she sustained injury when she fell on the stairs located on premises under the control and management of defendants. Although both complaints are dated October 16, 1993, one action was filed with the Clerk of Bronx Supreme Court on October 18, 1993 (Index No. 23693/93), and the other was not filed until April 28, 1994. The complaints are identical except for a few words. The first gives the date of injury as June 26, 1993, while the second refers to an accident of May 8, 1993. The first gives the location: "Near the stairs on the 5th Floor of premises 1150 Garrison Ave., Bronx, NY," while the second states: "On the stairs of premises 1150 Garrison Ave., Bronx, NY." As the cause of her fall, the first complaint states that "there was garbage on the floor including banana peels, water and broken bottles," while the second complaint states that "the stairs were slippery and wet."

In a form order entered January 4, 1996, Supreme Court (Stanley Green, J.) consolidated the two actions upon its own motion, on the ground that it appeared the "action has been assigned more than one index number." There is no indication when the parties may have learned of the consolidation. In any event, shortly after defendants moved for summary judgment, the matter was settled. Defendants were permitted to withdraw their motion by order entered December 11, 1997 (Jerry Crispino, J.), which recites, "Action disposed of."

Plaintiff thereafter undertook to reinstate the second complaint. According to plaintiff, a request for judicial intervention was rejected by the Clerk on July 17, 1998. An application to vacate the order of consolidation brought in April 1999 was

denied, the court noting that "plaintiff's affidavit of merit is entirely conclusory and does not specify the accident to which it refers." In September 2000, plaintiff brought the subject motion seeking the same relief. Defendants cross-moved to dismiss the second action on the ground of abandonment, to which plaintiff filed no opposition.

It is plaintiff's contention that the settlement reached with defendants pertains only to the first complaint (accident of June 26, 1993) and that Supreme Court erred in disposing of the entire matter. However, neither the stipulation of settlement nor the release given to defendants is included in the record. Nor is there any reference to these papers in any of the orders denying relief. Furthermore, plaintiff does not explain why she waited 14 months after the dispositive order (nine months after rejection of the request for judicial intervention) to bring the motion to vacate. Finally, as Supreme Court noted, the last activity in this case was the service of a bill of particulars in June 1994.

The proceedings before a court are accorded a presumption of regularity, which requires "contrary substantial evidence" to overcome (*People v Richetti*, 302 NY 290, 298). In the absence of proof that the stipulation of settlement and the associated release were limited to a single incident, there is no basis upon which to disturb the various rulings denying reinstatement of the second complaint. Concur—Williams, P.J., Andrias, Lerner, Rubin and Friedman, JJ.